UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRAIG JERIL LEWIS,

    Petitioner,                               Case No. 4:18-cv-11744
                                                   Hon. Matthew F. Leitman

v.

RANDEE REWERTS,

    Respondent.
_____/

**<u>OPINION AND ORDER (1) GRANTING RESPONDENT'S
MOTION TO DISMISS (ECF #4), (2) DISMISSING PETITION
FOR A WRIT OF HABEAS CORPUS (ECF #1), AND (3) DENYING
A CERTIFICATE OF APPEALABILITY,</u>**

Petitioner Craig Jeril Lewis is a state prisoner in the custody of the Michigan Department of Corrections. Following a trial in the Oakland County Circuit Court, a jury convicted Lewis of two counts of second-degree murder, larceny of a firearm, felon in possession of a firearm, and possession of a firearm during the commission of a felony, second offense. The state trial court then sentenced Lewis as a third habitual offender to concurrent terms of 40 to 80 years imprisonment on the murder convictions, a concurrent terms of 2 to 10 years imprisonment on the larceny and felon in possession convictions, and a consecutive term of 5 years imprisonment on the felony firearm conviction.

On June 1, 2018, Lewis, through counsel, filed a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. (*See* Pet., ECF #1.) In the petition, Lewis raises claims concerning the sufficiency of the evidence, allegedly-improper testimony by certain police officers, the effectiveness of his trial counsel, the conduct of the prosecutor, the jury verdict form, the trial court's response to jury questions, and the accuracy of sentencing information. (*See id.*)

For the reasons explained below, the Court concludes that the habeas petition is untimely and should be dismissed. The Court also denies Lewis a certificate of appealability.

## II

Lewis' convictions arise from a fatal shooting outside of a bar in Oakland County, Michigan in 2012. A jury convicted Lewis on May 23, 2013, and the state trial court sentenced him on June 13, 2013. Lewis thereafter timely filed a direct appeal of right with the Michigan Court of Appeals. That court affirmed his convictions, *see People v. Lewis*, 2014 WL 5364123 (Mich. Ct. App. Oct. 21, 2014), and later denied reconsideration. Lewis then filed a timely application for leave to appeal with the Michigan Supreme Court, and that court denied leave to appeal in an order dated April 28, 2015. *See People v. Lewis*, 862 N.W.2d 223 (Mich. Apr. 28, 2015). Lewis did not file a motion for reconsideration of the Michigan Supreme Court's April 28, 2015, order denying leave to appeal in his direct appeal.

2

On July 28, 2016, Lewis filed a motion for relief from judgment with the state trial court. (*See* ECF #5-13.) That court denied relief and denied a motion for reconsideration. *See People v. Lewis*, Nos. 2012-243289-FC, 2012-243290-FH (Oakland Co. Cir. Ct. Sept. 15, 2016). Lewis then filed an application for leave to appeal with the Michigan Court of Appeals, and that court denied leave to appeal. *See People v. Lewis*, No. 335896 (Mich. Ct. App. Apr. 13, 2017). Lewis next filed an application for leave to appeal with the Michigan Supreme Court, and that court denied leave to appeal. *See People v. Lewis*, 907 N.W.2d 557 (Mich. Mar. 5, 2018). Finally, Lewis filed a motion reconsideration, and the Michigan Supreme Court denied reconsideration in an order dated May 29, 2018. *See People v. Lewis*, 911 N.W.2d 687 (Mich. May 29, 2018).

Lewis, through counsel, filed his federal habeas petition on June 1, 2018. (*See* Pet., ECF #1.) Respondent filed the instant motion to dismiss the petition as untimely on December 10, 2018. (*See* Mot., ECF #4.) Lewis responded to the motion on January 18, 2019. (*See* Resp., ECF #7.) The Court subsequently issued an order requiring supplemental briefing in connection with the motion to dismiss. (*See* Order, ECF #8.) Pursuant to that order, Lewis filed a supplemental response on February 25, 2019, and Respondent filed a supplement response on March 18, 2019. (*See* Supp. Briefs, ECF ## 9, 10).

## III

## A

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, became effective on April 24, 1996, and applies to Lewis' petition. AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state-court judgments. AEDPA provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Absent equitable tolling or some other exception to AEDPA's limitations period, a habeas petition filed outside the prescribed time period is subject to dismissal. *See Jurado v. Burt*, 337 F.3d 638 (6th Cir. 2003) (holding that habeas petitioner was not entitled to equitable tolling and affirming dismissal of habeas petition as untimely filed); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002) (dismissing untimely habeas petition).

**B**

As noted above, under 28 U.S.C. § 2244(d)(1), AEDPA's one-year statute of limitations begins to run from the latest of one of four events. Only one of those triggers is relevant here – the date on which Lewis' conviction became final by the conclusion of direct review or the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(a). Since Lewis did not seek direct review of his conviction in the United States Supreme Court, his conviction became final when the time for seeking such review expired – in other words, when "the time for filing a certiorari petition expire[d]." *Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009). That time expired on July 27, 2015 – 90 days after the Michigan Supreme Court denied leave to appeal in his direct appeal. *See* S. Ct. Rule 13(1) (a petition for a writ of certiorari from a state court judgment must be filed not later than 90 days after entry of the judgment). Thus, absent some tolling of AEDPA's one-year statute of limitations, Lewis had one year from July 27, 2015 – until July 27, 2016 – to file his federal habeas petition.

Lewis did not file his current habeas petition – nor did he commence any other proceeding attacking his conviction in any other court – by July 27, 2016. Thus, the limitations period expired without Lewis filing his petition and without Lewis taking any other action that would have tolled the limitations period. The petition is therefore untimely and must be dismissed.

## C

Lewis appears to contend that the limitations period was tolled for three reasons – (1) by the filing of his motion for relief from judgment, (2) based upon equitable principles, and (3) because he has made a sufficient showing of actual innocence. The Court disagrees.

### 1

Lewis' motion for relief from judgment did not toll the limitations period because Lewis filed that motion after the period had already expired. As described above, the limitations period expired on July 27, 2016, and Lewis did not file his motion for relief from judgment until July 28, 2016. Simply put, the filing of this motion did not toll the limitations period because there was no time in the period left to toll. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (holding that "[a] state-court petition [for post-conviction relief] ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled"); *Winkfield v. Bagley*, 66 F. App'x 578, 581–82 (6th Cir. 2003) (explaining same); *Owens v. Stine*, 27 F. App'x 351, 353 (6th Cir. 2001)

(explaining same); *Julian v. Parish*, 2018 WL 6434524, at *3 (E.D. Mich. Dec. 7, 2018) (holding that motion for relief from judgment filed one day after expiration of AEDPA statute of limitations did not toll statute).

Lewis appears to counter that he actually filed his post-conviction motion for relief from judgment before the statute of limitations expired. In support of this argument, Lewis offers a different framework for calculating the date on which his conviction became final (which, as noted above, is also the date on which the statute of limitations began to run). According to Lewis, his conviction did not become final 90 days after the Michigan Supreme Court denied leave to appeal in his direct appeal, as the Court concluded above. Instead, Lewis contends that his conviction became final 90 days after the end of the 21-day period during which he could have, but did not, file a motion for reconsideration of the Michigan Supreme Court's order denying leave to appeal in his direct appeal. *See* Mich. Ct. Rule 7.311(G). Lewis argues that the Court must consider the 21-day period when calculating the date on which his conviction became final because during those 21 days, his "case was still 'pending'" in the Michigan Supreme Court. (Resp., ECF #7 at Pg. ID 1818.) Finally, Lewis contends that since his conviction did not become final until 90 days after this 21-day period expired, (1) there was time remaining on the AEDPA limitations period when he filed his post-conviction motion for relief from judgment, (2) the

7

filing of the motion thus tolled the running of the statute, and (3) the later filing of the petition was timely.[1]

There are three flaws in this argument. First, it rests upon a statute that does not apply to the Michigan Supreme Court's April 28, 2015, order. More specifically, this argument is based upon 28 U.S.C. § 2244(d)(2) ("Section 2244(d)(2)"), which provides that "[t]he time during which a properly filed *application for State post-conviction or other collateral review* with respect to the pertinent judgment or claim *is pending* shall not be counted toward any period of limitation under this subsection." (Emphasis added.) But the April 28, 2015, order of the Michigan Supreme Court did not concern an application for "post-conviction or other collateral review." Instead, that order completed Lewis' direct appeal of his criminal conviction. Thus, Lewis' invocation of Section 2244(d)(2) is misplaced.

---

[1] Lewis' calculation as to how his petition was timely appears to be as follows: (1) his conviction became final on August 17, 2015 – 90 days after the 21-day period for filing a motion for reconsideration in the Michigan Supreme Court expired, (2) under AEDPA, he had one year from August 17, 2015 – until August 17, 2016 – to file a federal habeas petition, (3) he filed his motion for relief from judgment in the state court on July 28, 2016, with roughly 20 days left in the AEDPA statute of limitations, (4) the filing of the motion of relief from judgment tolled the AEPDA statute of limitations period, (5) the appellate proceedings in connection with his motion for relief from judgment were pending in the Michigan Supreme Court until May 29, 2018 – the date that that court declined to reconsider its denial of leave to appeal, and (6) his federal habeas petition is timely because he filed it on June 1 2018, less than twenty days after the Michigan Supreme Court issued its final order in his appeal.

Second, and in any event, even if Section 2244(d)(2) somehow did apply here (and it does not), Lewis' tolling/timeliness argument would still fail because Lewis' appeal was not "pending" before the Michigan Supreme Court for purposes of Section 2244(d)(2) during the 21 days following the entry of the April 28, 2015, order. *See Scarber v. Palmer*, 808 F.3d 1093 (6th Cir. 2015) (for purposes of Section 2244(d)(2), an appeal is not "pending" before a state supreme court during the time period in which a petitioner could have, but did not, seek reconsideration of the court's order denying leave to appeal a lower court order denying post-conviction relief).

Finally, Lewis has not cited any authority for the proposition that the Court should include in its calculation of when his conviction became final the 21-day period for seeking reconsideration of the Michigan Supreme Court's order denying leave to appeal in his direct appeal. Moreover, Sixth Circuit case law demonstrates that, as the Court concluded, the 21-day period is not included in the determination of when a conviction becomes final on direct review. *See, e.g., Reeves v. Campbell*, 708 F. App'x 230, 235 (6th Cir. 2017) (in measuring when petitioner's conviction became final on direct review, Sixth Circuit rested its calculation on the Michigan Supreme Court's entry of an order denying leave to appeal in direct appeal, not upon the expiration of the 21-day period for seeking reconsideration of that order); *Hale v. Burt*, 645 F. App'x 409, 412-13 (6th Cir. 2016) (same).

For all of these reasons, the Court concludes that Lewis did not file his motion for relief from judgment before the statute of limitations expired and that the filing of the motion thus did not toll the statute.

2

Lewis is not entitled to equitable tolling of the limitations period. The Supreme Court has explained that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Here, Lewis asserts that he is entitled to equitable tolling because he did not receive "actual notice" of the Michigan Supreme Court's decision declining to hear his appeal "until days after its issuance." (Supp. Resp., ECF #9 at Pg. ID 1835.) Lewis does not specify whether he is referring to (1) the Michigan Supreme Court's order denying leave to appeal in his direct appeal or (2) that court's order declining

to reconsider its order denying leave to appeal in the proceedings that followed his motion for relief from judgment. But he is not entitled to equitable tolling based upon the time that he received either order.

First, if Lewis received the order denying leave to appeal in his direct appeal several days after its entry, that would not have materially impacted Lewis' ability to timely file his federal habeas petition. For the reasons explained above, the AEDPA limitations period did not begin until 90 days after the entry of that order. So, even if Lewis received the order denying leave to appeal in his direct appeal several days after its entry, he still had roughly one year and 85 days to timely file his federal habeas petition. Equitable tolling is thus not warranted based upon the alleged short delay in Lewis' receipt of the order denying leave to appeal in his direct appeal.

Second, any alleged delay in Lewis' receipt of the Michigan Supreme Court's order declining to reconsider its order denying leave to appeal in the later proceedings related to Lewis' motion for relief from judgment is irrelevant to whether any portion of the limitations period should be tolled. As explained above, the limitations period expired before Lewis even filed his motion for relief from judgment. Thus, at the point the Michigan Supreme Court declined to reconsider its order denying leave to appeal in the motion for relief from judgment proceedings, there was no time left in the limitations period, and any alleged delay in Lewis' receipt of that order cannot equitably toll the limitations period.

**III**

Finally, Lewis is not entitled to tolling based upon his claim of actual innocence. To support a claim of actual innocence, a habeas petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-39 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Lewis has not identified sufficient new reliable evidence that suggests he may be factually innocent of the crimes for which he was convicted. Thus, the Court declines to toll the AEDPA limitations period based on actual innocence.

**IV**

For all of the reasons stated above, the Court concludes that Lewis' habeas petition is untimely and that Lewis is not entitled to tolling of the one-year limitations period. Accordingly, the Court **GRANTS** Respondent's motion to dismiss Lewis' petition for a writ of habeas corpus (ECF #4) and **DISMISSES** the petition (ECF #1) **WITH PREJUDICE**.

Before Lewis may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if a habeas petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See id.* In this case, jurists of reason would not find debatable the Court's procedural ruling that the petition is untimely. Accordingly, the Court **DENIES** Lewis a certificate of appealability.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: May 1, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 1, 2019, by electronic means and/or ordinary mail.

                                                <u>s/Holly A. Monda</u>
                                                Case Manager
                                                (810) 341-9764