**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CRAIG JERIL LEWIS,

       Petitioner,                           Case No. 18-cv-11744
                                                Hon. Matthew F. Leitman

v.

RANDEE REWERTS,

       Respondent.

_____/

## **ORDER REQUIRING SUPPLEMENTAL BRIEFING**

Petitioner Craig Jeril Lewis is a state prisoner in the custody of the Michigan Department of Corrections. On June 1, 2018, Lewis, through counsel, filed a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. (*See* Pet., ECF #1.) Following briefing by counsel for Lewis and Respondent, the Court dismissed Lewis' habeas petition as untimely filed under the one-year statute of limitations applicable to federal habeas actions. (*See* Opinion and Order, ECF #11; Judgment ECF #12.)

On June 20, 2019, the Court received a letter from Lewis dated May 30, 2019. (*See* Letter, ECF #13.) In the letter, Lewis appears to seek relief from the Court's judgment. (*See id.*) Lewis explains that he retained counsel to represent him on collateral review in the state and federal courts, that he (Lewis) was aware of the statute of limitations issue, that he informed his counsel of the applicable deadlines,

1

and that his counsel failed to file his habeas petition in a timely manner. Lewis, however, has failed (1) to identify a rule or doctrine under which the Court could grant him relief from the judgment[1] and (2) to explain why the conduct of his retained counsel warrants equitable tolling of the one-year period under applicable case law.

Accordingly, the Court directs Lewis to file a supplemental brief that cites and discusses applicable legal authority, including cases with similar facts, that support his arguments for relief from judgment and for equitable tolling of the statute of limitations. Lewis shall file this brief with the Court by no later than **August 30, 2019**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: June 28, 2019

---

[1] For instance, Rule 60(b) of the Federal Rules of Civil Procedure could conceivably be a rule under which Lewis could seek relief. That rule provides that a district court may grant relief from a final judgment or order upon a showing of one of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgement that has been reversed or otherwise vacated; or applying it prospectively is not longer equitable; or (6) any other reason that justifies relief. *See* Fed. R. Civ. P. 60(b).

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 28, 2019, by electronic means and/or ordinary mail.

                                                s/Holly A. Monda
                                                Case Manager
                                                (810) 341-9764

Dated: June 28, 2019